## Thomas G. Atkins *versus* George Howe *et al.*

Goods consigned by the defendants to an auctioneer, were sold by him to the plaintiff on the condition of sale, that no allowance should be made for damage unless applied for within three days from the sale, when the bills were to be settled. It was *held*, that the condition of sale limited the liability of the defendants for such damage, as well as of the auctioneers, to three days from the sale, notwithstanding the damage was not discovered till after the lapse of such time.

In an action by the plaintiff against the defendants to recover back the price of such goods, evidence to prove that according to the custom of merchants, goods were returned by purchasers at auction to the owners, and received by them or allowances made, after the expiration of the three days, if within a reasonable time after the sale, was *held* to be inadmissible.

*Held* also, that a purchaser was precluded from objecting, that the time limited in the conditions of sale was unreasonably short.

Assumpsit to recover the sum of $282·59, paid by the plaintiff to the defendants for a case of French printed muslins. The declaration consisted of several counts, alleging that the goods were not the articles of merchandise described, and that they were damaged. The trial was before *Wilde* J.

The defendants, who were originally the owners of the goods in question, consigned them to Coolidge & Haskell, to be sold by auction ; and accordingly, on April 26th, 1833, they were offered for sale on the following conditions of sale : '' Under $100, cash, $100 and upwards, six months satisfactory indorsed notes. No allowance made for damage on sample packages, nor on any other packages, unless applied for within three days from the sale, at which time the bills must be settled.'' These conditions were printed on the catalogue of the goods to be sold, and were read by the auctioneers before the sale commenced.

The goods in question, which were described in the catalogue as superfine French printed muslins, were purchased by the plaintiff at the auction, and were returned to the defendants on the 27th of June following. The defendants refused to accept them, but told the plaintiff, who insisted on leaving them, that they might remain on storage.

In this state of the case, the judge ruled, that the conditions of sale were binding on the plaintiff, and that he had no right to return the goods after the expiration of the three days from the time of the sale.

The plaintiff contended, that the limitation of three days in
the conditions of sale, did not apply to the *owners* of goods
sold at auction, and offered evidence to prove, that according
to the custom of merchants in Boston, goods were returned by
purchasers at auction to the owners, and received by them, or
allowances made, after the expiration of the three days, if with-
in a reasonable time after the sale.    This evidence was object-
ed to by the defendants, and rejected by the judge.

If this evidence was rightly rejected, the plaintiff was to be-
come nonsuit ; otherwise a new trial was to be granted.

*Cooke*, for the plaintiff, cited *Paterson* v. *Gandasequi*, 15
East, 62 ; 3 Chitty on Commerce and Manuf. 109, 110, 111,
303, 304 ; *Shepherd* v. *Kain*, 5 Barn. & Ald. 240 ; *Bridge*
v. *Wain*, 1 Stark. R. 504 ; *Jones* v. *Bowden*, 4 Taunt. 847.

*B. Sumner*, for the defendants.

SHAW C. J. delivered the opinion of the Court.    This is
an action of assumpsit, on an implied warranty, alleged to have
been made by the defendants to the plaintiff, upon a sale of
certain French prints ; and the plaintiff, in various counts, al-
leges, that they were not the article of merchandise described,
and that they were damaged.    The sale having been made
through the agency of auctioneers, the plaintiff now claims to
recover of the defendants, as owners of the goods.

It is to be understood from the report and the course of the
argument, that there was no complaint that the goods were not
what they were described to be in the catalogue, to wit, super-
fine French printed muslins, but that they were damaged, and
that the damage was not discovered till several weeks after the
sale.    It was conceded, that it was one of the conditions of
sale expressed upon the catalogue, and stated by the auction-
eers before the commencement of the sale, that no allowance
would be made for damage, unless applied for within three days
of the sale, at which time the bills must be settled.    It was
contended, that this limitation did not apply to the owers of
the goods, but only to the auctioneers, and the plaintiff offered
to prove, that according to the custom of trade in this city,
goods were returned by purchasers at auctions and received by
the owners, and an allowance made, after the expiration of three
days, if within a reasonable time after the sale.

*Margin notes:*
Atkins
*v.*
Howe.

*March 9th.*

*March 21st*

Atkins
v.
Howe.

The plaintiff has argued the case as if there were two dis tinct contracts with the plaintiff, one by auctioneers, and one by the owners of the goods, and that the restriction in question was only intended to prevent the plaintiff from proceeding against the auctioneers after the expiration of three days. But the Court are all of opinion, that this position is wholly unten- able. The rule is, that where one makes a contract with an agent, and the principal is not disclosed, such party, when he discovers the principal, may consider the contract as made with the principal, and hold him responsible accordingly. *Paterson* v. *Gandasequi*, 15 East, 62. But when the party does so elect to proceed, he must consider the contract, in all respects, as if made directly with the principal, through the instrumen- tality of the agent. All the conditions and stipulations made by the agent, are binding upon the principal, and enure to his benefit, as if he had contracted personally. Such being the case, the stipulation which was made, that all claims for dam- ages must be made within three days, was a part of the con- tract of sale which limited the defendants' liability, and by which the plaintiff was bound.

In considering that this was not inserted merely for the benefit of the auctioneers, and that it must be considered that there were not two distinct contracts made, we do not mean to say that such a stipulation might not have been made in apt and proper terms. Suppose it had been stated, that the auction- eers would not hold themselves personally responsible after three days, and after the settlement of the bills, but after that time all claims for damage or otherwise were to be made on the owners, such a provision might have been good.

It was argued, that the limitation of three days was unreasona- bly short ; but the answer seems a plain one, that these were the vendors' terms, and the plaintiff, by acceding to them and purchasing under them, has precluded himself from taking this objection.

It seems to the Court also, that the evidence of custom, as offered, was plainly inadmissible. Custom is often of impor- tance, to show how parties are to be understood, in the lan- guage which they have used ; but this is not such a case. Here was a claim for damage. The terms of sale were, that

all claims for damage must be made within three days, and before the bills were settled. The usage had no tendency to alter or affect the terms or meaning of this stipulation. It was one which the parties might lawfully make, and if it varied from the common custom, it shows that these parties intended to make terms differing from those usually made ; *conventio legem vincit.* They had a right to make a law for themselves, and are bound by it.

*Plaintiff nonsuit.*